## J. T. PRESTIDGE v. THE STATE.

### No. 6107.   Decided February 23, 1921.

**Murder—Sufficiency of the Evidence—Manslaughter—Insulting Conduct To Female Relative—Requested Charge.**

Where, upon trial of murder the defendant contended that if he were guilty that the offense would be manslaughter, basing his contention upon insulting conduct by the deceased to a female relative, yet in the absence of a requested charge or an exception to the court's main charge, this matter cannot be considered on appeal; besides, the evidence did not warrant a charge on manslaughter, on that ground as defendant had met deceased several times after he was informed of such insulting conduct, and the court having submitted manslaughter in a general way, and the evidence supporting the conviction there was no reversible error.

Appeal from the District Court of Leon. Tried below before the Honorable J. A. Platt.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. M. Cureton,* Attorney General, and *W. W. Caves,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—The appellant was charged by indictment with the offense of murder in Leon County, and upon trial was convicted of murder and his punishment assessed at confinement in the penitentiary for five years.

No objection or exception of any kind was urged to the charge of the court, and no special charges requested, and the case is before us with only one question for review.

In appellant's motion for a new trial he urges that the verdict is contrary to the law and the evidence because, he says, the evidence shows that the appellant is guilty only of manslaughter, the adequate cause being, as claimed by him, insulting conduct of the deceased towards appellant's married daughter, whom the evidence discloses, was living with appellant at the time of the homicide, and for the further reason of the conditions existing at the time of and for a few days preceding the homicide, showing the unfriendly attitude of deceased towards appellant. The court did not specifically submit the issue of manslaughter to the jury based upon insulting conduct towards a female relative, and appellant's counsel requested no special charges presenting this issue, and reserved no exception to the failure of the court so to do; but even if this had been done, we think, from a careful examination of the statement of facts, that the court would have

88 Tex.—36.

been fully warranted in not having submitted that issue, as it is disclosed beyond question that after appellant had learned of the purported insulting conduct he, on a number of occasions, met the deceased and talked with him, even in his, appellant's, own home, and the court would have committed an error against the State if, under the facts disclosed, he had submitted such issue specifically.. Insofar as the issue of manslaughter was raised upon the general proposition of the existence of facts or circumstances which would arouse a man of ordinary temper to that degree of anger, rage, sudden resentment or terror as to render him incapable of cool reflection, same was submitted to the jury, and if appellant desired more specific instructions with reference to that issue, he failed to ask for the same, or to complain of the charge given by the court. We are not able to agree with appellant's contention, after an examination of the facts, that the jury was unwarranted in finding him guilty of murder, as the facts in the case would authorize such a finding, and it being purely a question of fact left to the jury under appropriate instructions by the trial court, and the jury having solved that question against appellant, we find no error in the record, and the judgment must be affirmed.

*Affirmed.*